IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **DONALD D. RUMPEL and** ) | CASE NO. CV-04-0479-FVS |
| **KELLOGG PLASTICS, LTD.,** ) | |
| ) | |
| Plaintiffs, ) | JUDGE VAN SICKLE |
| ) | |
| v. ) | |
| ) | |
| **EMERALD INNOVATIONS, LLC,** ) | |
| **WAL-MART STORES, INC., and** ) | |
| **ACE HARDWARE CORPORATION** ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Donald D. Rumpel and Kellogg Plastics, Ltd., and Defendants Emerald Innovations LLC, Wal-Mart Stores, Inc., and Ace Hardware Corporation have represented to the Court, and the Court finds that the parties anticipate the need for discovery including the production and disclosure of documents, data, and other materials and information, the answering of interrogatories and requests for admission, and the taking of testimony by oral deposition from each other and from third persons. Some information sought to be produced by the parties during discovery likely will represent or contain trade secrets or other confidential research, development, financial, technical, or commercial information within the scope and meaning of Rule 26 of the Federal Rules of Civil Procedure. The need for prompt and orderly discovery in this proceeding may make it impossible or impractical for the parties to ensure that their rights under Rule 26 of the Federal Rules of Civil Procedure are fully protected at the time that discovery material is produced or disclosed absent suitable protection from the Court to protect the confidentiality of the materials and information likely to be produced in this action.

This matter having come before this Court by agreement of the parties for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect and

{J_B1236.DOC;1}

maintain the confidentiality of certain information and documents which may be disclosed by either party during the proceedings in this matter, it is hereby ORDERED, ADJUDGED and DECREED that:

   1.     Any documents, answers to interrogatories, answers to deposition questions, responses to requests for admission, samples, objects or any other Materials or portions thereof (hereinafter "Materials") provided by either party to the other during the pendency of this proceeding are to be used for purposes of this litigation  and in connection with the pending Case No. 1:05CV0600 in the United States District Court, Northern District of Ohio, Eastern Division.

   2.     The party producing Material designated for protection under this Order ("Protected Discovery Material") shall categorize the Protected Discovery Material into one of the following classifications:

         (a)     Confidential or,

         (b)     Attorneys' Eyes Only.

   3.     The "Confidential" designation may be applied to Protected Discovery Material that the producing party reasonably and in good faith determines to constitute confidential research, development, technical, or commercial information.  The "Attorney's Eyes Only" designation may only be used for Protected Discovery Material that the producing party reasonably and in good faith determines to constitute highly sensitive technical, financial or business information, including but not limited to trade secrets, information relating to unpublished patent applications, and information or documents that relate to products under development.

   4.     To designate Protected Discovery Material as "Confidential," the producing party shall stamp or label the material with the word "Confidential" or "Confidential:  Subject to Protective Order" at the time of production.  To the extent that such Protected Discovery

{J_B1236.DOC;1}

Material is so marked "Confidential" or "Confidential:  Subject to Protective Order," such Protected Discovery Material together with any copies of such Protected Discovery Material, abstracts, summaries or information derived therefrom and any notes or other records regarding the contents thereof, is hereinafter referred to as "Confidential Material."

5.      Counsel for the receiving party may disclose Confidential Material only to "Qualified Persons" as defined in Paragraph 6 who by this Order agree, or pursuant to Paragraph 10 shall be required to agree, to maintain such information in confidence and who have need for such information to assist in the preparation and trial of this case; said Qualified Persons shall not disclose Confidential Material to any other person and shall not use such information for any purpose other than the preparation and trial of this case, except as provided in Paragraph 1 hereinabove and Paragraph 26 herein below.

6.      As used in Paragraph 5, the term "Qualified Persons" means:

(a)     Outside counsel for parties to this case; including paralegals, stenograph or clerical employees, and imaging or copy vendors retained by outside counsel;

(b)     Up to three designated officers of each party who have individually and on behalf of the corporate client executed the confidentiality undertaking pursuant to Paragraph 10;

(c)     Subject to signing confidentiality undertakings pursuant to Paragraph 10, other persons (exclusive of officers, employees, agents or regularly retained consultants of the parties) requested by counsel to furnish expert technical, economic or survey services or to give testimony with respect to the subject matter of Confidential Material for purposes of this case;

(d)     staff members and employees of the Court; and

{J_B1236.DOC;1}

      (e)    court reporters employed by outside counsel or the Court.

7.    To designate Protected Discovery Material as "Attorneys' Eyes Only," the producing party shall stamp or label the material with words "Attorneys' Eyes Only" or "Attorneys' Eyes Only: Subject to Protective Order" at the time of production. To the extent that such Protected Discovery Material is so marked "Attorneys' Eyes Only" or "Attorneys' Eyes Only: Subject to Protective Order," such Protected Discovery Material together with any copies of such Protected Discovery Material, abstracts, summaries or information derived therefrom and any notes or other record regarding the contents thereof, is hereinafter referred to as "Attorneys' Eyes Only Material."

8.    Counsel for the receiving party may disclose Attorneys' Eyes Only Material only to "Qualified Persons" as defined in Paragraph 9 who by this Stipulation agree, or pursuant to Paragraph 10 shall be required to agree, to maintain such information in confidence and who have need for such information to assist in the preparation and trial of this case; said Qualified Persons shall not disclose Attorneys' Eyes Only Material to any other person and shall not use such information for any purpose other than the preparation and trial of this case, except as provided in Paragraph 1 hereinabove and Paragraph 26 hereinbelow.

9.    As herein used in Paragraph 8, the term "Qualified Persons" means:

      (a)    outside counsel for the parties to this case; including paralegals, stenographic or clerical employees, and imaging or copy vendors retained by outside counsel;

      (b)    subject to signing confidentiality undertakings pursuant to Paragraph 10, other persons (exclusive of officers, employees, agents or regularly retained consultants of the parties) requested by counsel to furnish expert technical, economic or survey services or to give testimony with respect to

the subject matter of Attorneys' Eyes Only Material for purposes of this case;

(c)    staff members and employees of the Court; and

(d)    court reporters employed by outside counsel or the Court.

10.    No disclosure of Confidential Material or Attorneys' Eyes Only Material shall be made to anyone pursuant to Paragraphs 6(b), 6(c) or 9(b) except after compliance with the following procedures:

(a)    The party seeking to provide Protected Discovery Material to another under Paragraphs 6(b), 6(c) or 9(b) shall provide written notice of such intention to the Party or Parties that originally produced any material to be disclosed.    The    communication    shall    include    a    proposed "CONFIDENTIALITY UNDERTAKING" of the form annexed as the Appendix to this Order completed with the name, title, and business address. The communication shall also include a copy of the curriculum vitae, insofar as one exists, of the person to whom disclosure is intended.

(b)    With respect to the Protected Discovery Material of all producing parties receiving the notice and materials set forth in subparagraph (a), the proposed undertaking becomes effective within seven (7) business days after receipt of the written notice. However, any producing party that has in good faith determined that the proposed disclosure presents a material risk of harm to the producing party, even given the restrictions of this Order, may file a specific Motion for Protective Order with the Court. No Protected Discovery Material of any party filing such a motion shall be

{J_B1236.DOC;1}

disclosed to the person signing the undertaking, except as authorized by a

further Order of the Court.

(c)    At the conclusion of the engagement of any party to whom Protected

Discovery Materials are disclosed, including experts, or the conclusion of

this case, whichever comes first, the party to whom Protected Discovery

Materials have been disclosed shall return to counsel for the party that

provided such Protected Discovery Materials all Protected Discovery

Materials in such person's possession except for disclosure under

Paragraphs 6(d), 9(d) or 26.

11.    The parties agree to designate Protected Discovery Materials in good faith. If any

party, including any third party, objects to the designation of any Protected Discovery Material

as "Attorneys' Eyes Only" or "Confidential" (the "Challenged Materials"), the party shall so

state the objection by a specific letter or statement on the record ("notice") to counsel for the

person making the designation. Any such written notice shall identify the Challenged Material

to which the objection is directed. The objecting party is not required to immediately object to a

confidentiality designation, and failure to immediately object does not waive the right to object

to a designation in the future. Counsel shall confer in good faith in an attempt to resolve any

disputes concerning such designation. If the status of the Challenged Materials cannot be

resolved within ten (10) business days after the time notice is furnished, the objecting party may

file an appropriate motion requesting that the Court rule that the Challenged Materials should not

be subject to the protection invoked. The Challenged Materials will be treated as "Attorneys'

Eyes Only" or "Confidential" pending the Court's ruling on such motion.

12.    Testimony or other Material disclosed or to be disclosed at any deposition

occurring in this litigation may be designated and categorized as "Attorneys' Eyes Only" or

{J_B1236.DOC;1}

"Confidential" under Paragraph 2 by any party or third party by: (a) indicating on the record at the deposition that the testimony or other Material is designated as Attorneys' Eyes Only Material or Confidential Material under this Order; (b) notifying all other parties or their counsel in writing of such designation prior to the deposition; or (c) by making such a designation, in writing to all other parties or their counsel, within thirty (30) calendar days after the last day of the deposition. Any such designation must be pursuant to the standards set forth in Paragraph 3 of this Order. Those portions of depositions that are so designated shall be filed separately and under seal with the Court whenever depositions are so filed.  In order to facilitate designations pursuant to clause (c) above, unless otherwise agreed to in writing by the designating party, all deposition transcripts shall be treated in a manner consistent with a designation of Attorneys' Eyes Only Material made under Paragraph 2 until thirty (30) calendar days from receipt by the party of the deposition transcript.  The court reporter shall designate and categorize those portions of deposition transcripts which are considered to be Attorneys' Eyes Only Material or Confidential Material with an appropriate legend under Paragraph 4 or Paragraph 7 by the Party asserting ownership thereto and shall separate portion(s) of transcripts and deposition exhibits that contain Attorneys' Eyes Only Material or Confidential Material from those portion(s) of transcripts and deposition exhibits that do not.

All deposition Material not specifically marked "Attorneys' Eyes Only", "Attorneys' Eyes Only: Subject to Protective Order," "Confidential," or "Confidential: Subject to Protective Order" ceases to be protected by this stipulation after the expiration of the thirty day period.

13.     Where only a part of the Material furnished or produced by a party or a part of the transcript of any deposition given by any present or former officer, employee, agent or regularly retained consultant of a party is Protected Discovery Material, counsel for the party receiving such Material or transcript shall delete therefrom Protected Discovery Material before disclosing

{J_B1236.DOC;1}

such Material or transcript to any person other than Qualified Persons designated in Paragraphs 6 and 9.

14.      Deletions from any Protected Discovery Material or transcript in accordance with the terms of this Stipulation shall not affect the admissibility of any such Material or transcript in evidence in this action.

15.      If any Protected Discovery Material is discussed or quoted from at any deposition, hearing, all persons other than those otherwise permitted disclosure hereunder and outside counsel and Court personnel, shall be excluded from such portion of the deposition, hearing or trial. Any Protected Discovery Material contained in transcripts, exhibits or documents which are filed with the Court shall be filed under seal unless and until the parties agree or the Court orders otherwise.

16.      All Protected Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such material, shall be filed under seal.

17.      If a third party witness is subpoenaed to provide deposition testimony or documents, and the testimony or documents include Protected Discovery Material belonging to the third party or the third party's employer, all parties agree to treat such information or documents as Protected Discovery Material pursuant to the terms of this Protective Order unless the information is already in the public domain.

18.      In the event that a party that has produced information ("Furnishing Party") discovers that Attorneys' Eyes Only Material or Confidential Material has been inadvertently produced without being marked with the appropriate designation, the Furnishing Party may thereafter notify the party receiving such information under the Protective Order ("Receiving Party") and require the Receiving Party to retrieve and return any unmarked or incorrectly

{J_B1236.DOC;1}

marked Material and to substitute therefor appropriately marked Material, provided (i) that the Furnishing Party has initially taken reasonable measures to identify and designate the subject Material, (ii) that the Furnishing Party notifies the Receiving Party promptly after learning of such inadvertent failure, and (iii) that the amount of Material as to which an assertion of inadvertent failure is made is reasonably small in amount. Upon receipt of such notification from the Furnishing Party, the Receiving Party shall not thereafter disclose any such Material or any information contained therein to any persons who are not "Qualified Persons" as that term is defined in Paragraphs 6 and 9. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such Material which is consistent with the terms of this Order.

19.     Similarly, if a Furnishing Party discovers that documents or information subject to the attorney-client privilege and/or work product immunity have been inadvertently produced, it shall be entitled to request the immediate return of such documents and information provided (i) that the Furnishing Party has initially taken reasonable measures to identify and withhold Materials subject to such a claim, (ii) that the Furnishing Party notifies the Receiving Party promptly after learning of such inadvertent production or vice versa, and (iii) the amount of Material as to which an assertion of inadvertent production is made is reasonably small in amount. Upon notification from the Furnishing Party that an inadvertent production has been made, together with identification of the Material at issue and the nature of the claim being asserted, the Receiving Party shall immediately retrieve and return to the Furnishing Party all copies of such Material, and the Receiving Party shall thereafter make no use of any kind of any information obtained therefrom. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such Material which is consistent with the terms of this Order. Nothing herein shall prevent the Receiving Party from challenging, by motion, the propriety of the assertion of attorney-client privilege or work product immunity. In the event the

(J_B1236.DOC:1)

Receiving Party wishes to make such a challenge on a ground other than waiver or because it contends that conditions (i), (ii) or (iii) above have not been met, it may retain one (1) copy only of such Material for the sole purpose of making its challenge, and in the event the challenge is unsuccessful, shall immediately return the Material at issue to the Furnishing Party.

20.     In the event of an inadvertent disclosure of the Attorneys' Eyes Only Material or Confidential Material of another party or a third party, the party making the inadvertent disclosure shall upon learning of the disclosure:

(i)     immediately notify the party to whom the disclosure was made that it contains Attorneys' Eyes Only Material or Confidential Material subject to this Protective Order;

(ii)    immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

(iii)   within five (5) days, notify the Furnishing Party of the identity of the person to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to recover the information and the steps taken to insure against the dissemination or use of the information.

21.     If data or information has been extracted from a document which is subsequently reclassified pursuant to Paragraphs 18, 19, or 20 above, to the extent possible and where necessary, the extracted information and/or data will be expunged promptly and not used. However, to the extent that, prior to being notified of the inadvertent misdesignation of documents or Materials, the Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court or the transcript of any such deposition.

{J_B1236.DOC:1}

22.     This Order pertains only to Protected Discovery Material provided by the Party producing it and does not limit the use or disclosure of Materials which have been obtained by any Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

23.     After this action is finally completed, including all appeals, counsel for all parties shall destroy or return all Protected Discovery Material to the producing party, including all Protected Discovery Materials provided to experts or other outside parties under the terms of this Stipulation, and shall certify compliance to opposing counsel within sixty (60) days of final judgment or settlement, except that outside counsel -- as stated in Paragraphs 6(a) and 9(a) of this Protective Order -- may retain a set of pleadings, motions, orders, discovery requests, other work product, and any exhibits thereto, even if it contains Protected Discovery Material.

24.     The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action.

25.     Nothing in this Stipulation and Order shall prevent any party from disclosing its own information that it has designated as confidential, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's obligations under this Stipulation and Order except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

26.     If a party in possession of Protected Discovery Material obtained from another party or third party receives a subpoena or other form of compulsory process from a non-party to this action seeking production or other disclosure of such information, it shall immediately give written notice to the party that designated the material, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process. To the extent permitted

by law, no production or disclosure shall be made until twenty-one (21) calendar days after giving such notice to the designating party.

27.    Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Order nor do the parties waive any right to seek relief from the Court from any provision of this Stipulation and Order at any time, by order or by stipulation.

28.    A violation of this Order may be considered an act of contempt of this Court, subject to a determination by this Court that the requirements for such findings are satisfied.  By the signatures of counsel below, as duly authorized agents of the respective parties, the parties are bound by this Order under the principles of contract, even in the absence of a signature by the Court to this Order.

29.    The disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity or of its admissibility in this action.

30.    Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon his examination of Protected Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the content or the source of any Protected Discovery Material.

Dated: August 22, 2005

Randy A. Gregory
Gregory I.P. Law
P.O. Box 31090
Spokane, WA 99223-3018
Tel: (509) 245-3033
Fax: (509) 245-3833
Attorney for Plaintiffs

{J_B1236.DOC;1}

J. Christopher Lynch, WSBA # 17462
David K. Daggett, WSBA # 28359
**PRESTON GATES & ELLIS LLP**
601 West Riverside Avenue
Suite 1400
Spokane, WA 99201-0636
Tel: (509) 624-2100
Fax: (509) 456-0146

And

S. Paige Christopher
Jennifer B. Wick
**CALFEE, HALTER & GRISWOLD, LLP**
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, OH 44114-2688
Tel: (216) 622-8200
Fax: (216) 241-0816
Attorneys for Defendants

IT IS SO ORDERED, this 24th day of August      , 2005.


____s/Fred Van Sickle____
Judge Van Sickle

{J_B1236.DOC;1}

PAGE 14/16 * RCVD AT 8/22/2005 9:53:10 AM [Pacific Daylight Time] * SVR:SPOFAX/1 * DNIS:106 * CSID:5092453833 * DURATION (mm-ss):04-50

APPENDIX

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **DONALD D. RUMPEL and**<br>**KELLOGG PLASTICS, LTD.,** | )<br>) CASE NO. CV-04-0479-FVS<br>) |
| Plaintiffs, | )<br>) JUDGE VAN SICKLE<br>) |
| v. | )<br>) |
| **EMERALD INNOVATIONS, LLC,**<br>**WAL-MART STORES, INC., and**<br>**ACE HARDWARE CORPORATION** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

CONFIDENTIALITY UNDERTAKING OF _____

STATE OF          )
                  )   SS:
COUNTY OF         )

    I, _____, having been retained by _____ as a

technical, economic or survey expert, consultant or employee or agent thereof in connection with

the above-captioned lawsuit hereby acknowledge that I am about to receive PROTECTED

DISCOVERY MATERIAL supplied by _____, as defined in

the Protective Order of _____.

    I certify my understanding that this PROTECTED DISCOVERY MATERIAL is being

provided to me pursuant to the terms and restrictions of the Protective Order of _____

_____ in the above-captioned matter, and that I have been given a copy of and have

read and understood my obligations under that Order. I hereby agree to be bound by the terms of

the Order. I agree to utilize the PROTECTED DISCOVERY MATERIAL solely for the

purposes of this litigation. I clearly understand that the PROTECTED DISCOVERY

MATERIAL and my copies or notes relating thereto shall not be disclosed to or discussed with

anyone not similarly bound by the Protective Order.

{J_B1236.DOC;1}